UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS BOUSTEAD,<br>    Plaintiff,<br>    v.<br>ALICIA POWELL,<br>    Defendant. | Case No. 17-cv-06854-PJH<br><br>**ORDER REMANDING CASE** |

Pro se defendant Alicia Powell, a resident of California, removed this case from the Superior Court of California, Contra Costa County, where it was pending as a complaint for unlawful detainer. The Notice of Removal states that the complaint presents a federal question such that the case could have and should have been filed in this court.[1] Dkt. 1, Notice of Removal ¶¶ 5-14. Powell also filed an application to proceed in forma pauperis ("IFP"). Dkt. 2.

The court has an obligation to determine whether it has jurisdiction over a removed case. Under the federal removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or other defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If the district court at any time determines that it lacks jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action

---

[1] Powell does not claim diversity jurisdiction exists, does not dispute that both parties reside in California, and makes no claim regarding the amount in controversy.

to state court." Cal. ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir.), opinion amended on denial of reh'g, 387 F.3d 966 (9th Cir. 2004) (citing 28 U.S.C. § 1447). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." Id.

### A. IFP APPLICATION

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." In evaluating an IFP application, the court should "gran[t] or den[y] IFP status based on the plaintiff's financial resources alone and then independently determin[e] whether" the case was properly removed. Franklin v. Murphy, 745 F.2d 1221, 1226–27 n. 5 (9th Cir.1984).

In her IFP application, Powell states that her gross salary per month is $1,500.00. She is unmarried, and does not receive income from other sources. She does not own a home or a car, but has a bank account with Bank of America containing $135.00 and, at the time of the application, Powell had $65.00 in cash. While Powell does not currently pay rent, her other monthly expenses total $1,000.00. Powell does not appear to have any other debts.

Having evaluated plaintiff's financial affidavit attesting to the above, the court finds that Powell has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and GRANTS the application to proceed IFP.

### B. FEDERAL QUESTION JURISDICTION

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock W., Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Rivet v.

1  Regions Bank of La., 522 U.S. 470, 475 (1998) (quoting Caterpillar, Inc. v. Williams, 482
2  U.S. 386, 392 (1987)). That rule applies equally to evaluating the existence of federal
3  questions in cases brought initially in federal court and in removed cases. See Holmes
4  Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 n.2 (2002). Relevant
5  for purposes here, a federal question exists only when it is presented by what is or should
6  have been alleged in the complaint. Id. at 830. The implication of a federal question
7  through issues raised by an answer or counterclaim does not suffice to establish federal
8  question jurisdiction. Id. at 831; see also ARCO Envtl. Remediation, LLC v. Dep't of
9  Health & Envtl. Quality of Mont., 213 F.3d 1108, 1113 (9th Cir. 2000) ("[A] case may not
10 be removed to federal court on the basis of a federal defense, . . . even if the defense is
11 anticipated in the plaintiff's complaint, and even if both parties admit that the defense is
12 the only question truly at issue in the case." (citation and internal quotation marks
13 omitted) (brackets in original)).

The complaint filed in Contra Costa County Superior Court only alleges a single state cause of action for unlawful detainer. Defendant's notice of removal argues that there is a federal question based on the Protecting Tenants at Foreclosure Act of 2009 (the "PTFA"). Defendant claims that plaintiff was required to state his cause of action under the PTFA and could not state an unlawful detainer claim under state law.

First, "[i]t is well established that unlawful detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction." Deutsche Bank Nat'l Trust Co. v. Young, No. C-14-3170, 2014 WL 7336696, at *3 (N.D. Cal. Dec. 23, 2014) (collecting cases); Thawani v. Robertson, No. 16-CV-03732, 2016 WL 4472986, at *1 (N.D. Cal. July 18, 2016), report and recommendation adopted, No. C 16-03732, 2016 WL 4436308 (N.D. Cal. Aug. 23, 2016) (same).

Second, the PTFA does not apply here because it expired on December 31, 2014. Fairview Tasman LLC v. Young, No. 15-cv-5493, 2016 WL 199060, at *2 (N.D. Cal. Jan. 18, 2016) (citing Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376, 2204 (2010)) (setting 2014 expiration date). Here, the

3

unlawful detainer action was filed on October 12, 2017, and alleges that the property was not sold at auction until September 14, 2017.  Dkt. 1 at 13, 15.

Third, even if the PTFA were still in effect, the PTFA does not create a private right of action under federal law for ejectment.  See Logan v. U.S. Bank Nat. Ass'n, 722 F.3d 1163, 1169 (9th Cir. 2013) (concluding that the PTFA neither "explicitly nor impliedly creates a private right of action allowing [a tenant] to enforce the PTFA"); Fairview Tasman LLC, 2016 WL 199060, at *2 (discussing Logan and explaining that there is also "no implied right of action [under the PTFA] in favor of landlords").

Finally, at most, the PTFA is a federal defense to an unlawful detainer action.  This is insufficient to confer federal jurisdiction.  See Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption . . . ."); Bay Home Pres. Serv. v. Thao Nguyen, No. 15-CV-00506, 2015 WL 1262144, at *2 (N.D. Cal. Mar. 17, 2015) (concluding "[a]s numerous other district courts in this Circuit have concluded, the PTFA may provide a federal defense, but does not provide a basis for federal jurisdiction") (citing cases).

## CONCLUSION

For the reasons stated above, the court lacks subject matter jurisdiction, and thus, the court finds that the case must be REMANDED to the Superior Court for Contra Costa County.  Accordingly, plaintiff's motion to remand filed on December 7, 2017, is DENIED as moot.

**IT IS SO ORDERED.**

Dated: December 8, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge

4